UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHRISTIAN J. MENDEZ,

Plaintiff(s),

v.

GENERAL MOTORS LLC, *et al.*

Defendants.

No. 1:26-cv-5372-EPG

ORDER DENYING PLAINTIFF'S MOTION TO REMAND

(ECF No. 5)

## I. INTRODUCTION

Plaintiff Christian Mendez filed his complaint against Defendant General Motors, LLC in the Superior Court of California, County of Fresno on May 26, 2026. (ECF No. 1). Defendant removed the action to this Court on July 10, 2026. In the complaint, Plaintiff asserts claims under the Song-Beverley Consumer Warranty Act for breach of express warranty, breach of implied warranty of merchantability, and violation of California Civil Code section 1793.2(b). (*Id.*)

Now before the Court is Plaintiff's motion to remand this case to state court, which argues that Defendant has failed to establish an amount in controversy in excess of $75,000 and the Court should remand the action under 28 U.S.C. § 1447(c). (ECF No. 5).

For the reasons set forth below, the Court will deny Plaintiff's motion to remand.[1]

\\\

\\\

[1] On August 24, 2026, the Chief Judge issued an order assigning this action to the undersigned for all purposes, including trial and entry of judgment pursuant to 28 U.S.C. 636(c)(1). (ECF No. 7).

## II. BACKGROUND

### a. Summary of the Complaint

Plaintiff filed the complaint in the Superior Court of Fresno, County of Fresno on June 10, 2026. (ECF No. 1-2 at 1). In the complaint, he asserts three causes of action: violation of the Song-Beverley Act for breach of express warranty; violation of the Song-Beverley act for breach of implied warranty, and violation of the Song-Beverley Act under California Civil Code section § 1793.2.

Plaintiff alleges the following: On December 2, 2022, he purchased a 2022 Chevrolet Silverado for a price of $81, 076.36. (*Id.* at 4). Defendant General Motors provided a warranty for the vehicle, which provided maintenance for the utility or performance of the vehicle or compensation if a failure in the utility or performance arose. Plaintiff asserts that the vehicle was delivered to Plaintiff with serious defects and nonconformities and developed other serious defects and nonconformities including engine, emission, transmission, and electrical system defects. (*Id.*).

In March 2025, with approximately 45,862 miles on the vehicle, Plaintiff presented it for repairs due to a "reduced power" message that appeared in the instrument cluster and harsh gear shifts. (*Id.*). On January 8, 2026, with approximately 61,416 miles, the vehicle was again presented for repair. On January 30, 2026, with 62,124 miles, the vehicle was presented for repair. Both visits in January 2026 were for a check engine light. (*Id.*). Following these visits for service, Plaintiff revoked the sales contract. (*Id.*).

### b. Removal

General Motors removed the case to this Court on July 10, 2026, asserting subject-matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. (ECF No. 1 at 2-3). General Motors' notice asserted that, "GM's preliminary investigation into Plaintiff's allegations revealed a plausible basis for subject matter jurisdiction because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states. 28 U.S.C. § 1332(a)." (*Id.* at 3).

\\\

## III. MOTION TO REMAND

### a. Plaintiff's Motion to Remand

On August 7, 2026, Plaintiff filed a motion to remand the case to the Fresno County Superior Court because "Defendant General Motors LLC ("Defendant" or "GM") has failed to meet its burden to establish that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required for diversity jurisdiction under 28 U.S.C. § 1332(a)." (ECF No. 5 at 2).

First, Plaintiff argues that Defendant's notice removal calculated Plaintiff's actual damages at $55,076.36, after applying statutory mile and other offsets, which falls below the required amount in controversy to establish subject matter jurisdiction based on diversity (*Id.* at 7). Additionally, Plaintiff argues Defendant's inclusion of civil penalties in an amount of two times Plaintiff's actual damages to reach the jurisdictional threshold is improper because the Song-Beverley act authorizes a penalty of *up to* twice the actual damages, not an automatic maximum penalty amount. (*Id.*). Specifically, in order to recover up to twice the actual damages, a Plaintiff must establish a violation of the Song-Beverley Act was willful in order to recover the maximum penalty. (*Id.* at 6). As a result, Plaintiff argues that the proffered damages are below the jurisdictional threshold as Defendant has not established by a preponderance of evidence that the amount in controversy exceeds $75,000.

Next, Plaintiff argues that Defendant improperly included attorneys' fees in order to meet the required amount in controversy. Specifically, Plaintiff states

> Its Notice asserts that Plaintiff has accumulated "at least $5,000.00" in fees and speculates that fees incurred during the six months following removal will cause the amount in controversy to exceed $75,000.00. (ECF No. 1 at 5.) (Cao Decl. ¶ 9). GM supplies no declaration from counsel, billing records, invoices, hourly rates, number of hours incurred, projected hours, anticipated tasks, litigation schedule, or comparable-case analysis to support those figures.

(*Id.* at 10).

Plaintiff thus argues the action should be remanded. (*Id.* at 13).

### b. Defendant's opposition

On August 21, 2026, General Motors filed its opposition to Plaintiff's motion to remand.

(ECF No. 6). It argues that Plaintiff's motion should be denied because

> The Ninth Circuit has made clear that the amount in controversy measures the amount "at stake" in the litigation, not the amount the plaintiff is ultimately likely to recover, and that "'[a]mount at stake' does not mean likely or probable liability; rather, it refers to possible liability." *Jauregui v. Roadrunner Transportation Services, Inc*., 28 F.4th 989, 994 (9th Cir. 2022).

(*Id.* at 6). When this standard is applied, Defendant represents that Plaintiff's requested civil penalty places $165,229.08 in controversy, well above the jurisdictional threshold. (*Id.*).

**c. Plaintiff's reply**

On September 2, 2026, Plaintiff filed his optional reply to Defendant's opposition. (ECF No. 10). Plaintiff continues to argue that Defendant has not met the burden establishing the amount in controversy to meet the jurisdictional threshold. (*Id.* at 2).

## IV. ANALYSIS

Under 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- (1) citizens of different States." 28 U.S.C. § 1332(a).

Moreover, the amount in controversy is "an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc*., 627 F.3d 395, 400 (9th Cir. 2010). Accordingly, "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 418 (9th Cir. 2018). Stated differently, the "'[a]mount at stake' does not mean likely or probable liability; rather, it refers to *possible* liability." *Jauregui v. Roadrunner Transportation Services, Inc*., 28 F.4th 989, 994 (9th Cir. 2022) (emphasis in original) (quoting *Greene v. Harley-Davidson, Inc*., 965 F.3d 767, 772 (9th Cir. 2020)).

The Ninth Circuit has also explained that the amount in controversy for federal subject matter jurisdiction includes "all relief claimed at the time of removal," including compensatory damages, statutory penalties, punitive damages, and attorneys' fees recoverable under fee-shifting statutes. *Chavez*, 888 F.3d at 418 ("In sum, the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails."). Future attorneys' fees recoverable by statute are likewise included because they are part of the relief "at stake" in the litigation at the time of removal, even though they have not yet been incurred. *Fritsch v. Swift*

*Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793–95 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract.").

Applying these legal standards, the Court finds that diversity jurisdiction has been established. While Plaintiff's complaint is silent as to the amount of damages, Defendant has adequately explained how Plaintiff's claimed actual damages and expressly pled civil penalty place $165,229.08 in controversy. The actual damages as calculated by defendant are $55,076.36 based on the $81,076.36 purchase amount alleged in the Complaint and estimated deductions for the statutory mileage offset and other applicable offsets. (ECF No. 1-2 at ¶ 8 and 11). Plaintiff does not dispute this amount or that defendant miscalculated the amount. Moreover, Plaintiff's complaint alleges that Defendant, "*willfully* violated the Song-Beverley Act," and thus that Plaintiff is entitled to a civil penalty of up to two times the amount of actual damages. (ECF No. 1-2 at at ¶ 33) (emphasis added); Cal Civ. Code § 1794(c) (authorizing "a civil penalty which shall not exceed two times the amount of damages where the manufacturer's violation is willful").

Thus, the Court finds that Defendant has adequately established that the amount in controversy in Plaintiff's complaint exceeds $75,000 and as a result this Court has subject matter jurisdiction.

**V. CONCLUSION AND ORDER**

For the reasons given above, IT IS HEREBY ORDERED that Plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.

Dated: **September 28, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE